FILED'09 NOV 03 09:11 USDC-ORM

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| SHARON RUSHFELDT, ) | |
| ) | |
| ) | |
| Plaintiff ) | Civil No.08-1456-CL |
| ) | |
| v. ) | FINDINGS AND |
| ) | RECOMMENDATION |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

MERRILL SCHNEIDER
P.O. Box 16310
Portland, Oregon 97292-0310
    Attorney for Plaintiff

KENT ROBINSON
Acting United States Attorney
ADRIAN L. BROWN
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR 97204-2904

STEPHANIE R. MARTZ
Special Assistant U.S. Attorney
Office of the General Counsel
Social Security Administration
701 5th Avenue, Suite 2900, M/S 901
Seattle, WA 98104-7075

    Attorneys for Defendant

CLARKE, Magistrate Judge:

Plaintiff Sharon Rushfeldt ("Rushfeldt") seeks judicial review of the Social Security Commissioner's final decision denying her application for benefits under Titles II and XVI of the Social Security Act (the "Act"). This court has jurisdiction under 42 U.S.C. § 405(g). The Commissioner's decision should be REVERSED and REMANDED for the reasons below.

## BACKGROUND

Born in 1947 (Tr. 108),[1] Rushfeldt has a high school education. Tr. 121. Rushfeldt reports work as a janitor and housekeeper between 1990 and May 2002. Tr. 143. Rushfeldt applied for DIB on March 28, 2002, and again on February 20, 2004, claiming disability since July 1, 1999. Tr. 108-113. Rushfeldt also applied for SSI on February 20, 2004. Tr. 448. Rushfeldt initially alleged disability due to arthritis of the knees. Tr. 115.

The Commissioner denied Rushfeldt's applications initially and upon reconsideration. Tr. 47-55, 77-81, 440-443. An Administrative Law Judge ("ALJ") held a hearing on November 9, 2006 (Tr. 451-85), and subsequently found Rushfeldt not disabled on January 25, 2007. Tr. 15-20. The Appeals Council denied review on April 2, 2008, making the ALJ's decision the final decision of the Commissioner. Tr. 5-7.

## DISABILITY ANALYSIS

The Commissioner engages in a sequential process encompassing between one and five steps in determining disability under the meaning of the Act. 20 C.F.R. §§ 404.1520; 416.920; *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987).

---

[1] Citations "Tr." refer to indicated pages in the official transcript of the administrative record filed with the Commissioner's Answer on March 31, 2009 (Docket #12).

At step one, the ALJ determines if the claimant is performing substantial gainful activity. If she is, the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(i); 416.920(a)(4)(i). At step two, the ALJ determines if the claimant has "a severe medically determinable physical or mental impairment" that meets the twelve month duration requirement. 20 C.F.R. §§ 404.1509; 404.1520(a)(4)(ii); 416.909; 416.920(a)(4)(ii). If the claimant does not have such a severe impairment, she is not disabled. *Id.*

At step three, the ALJ determines whether the severe impairment meets or equals a "listed" impairment in the regulations. 20 C.F.R. §§ 404.1520(a)(4)(iii); 416.920(a)(4)(iii). If the impairment is determined to equal a listed impairment, the claimant is disabled.

If adjudication proceeds beyond step three the ALJ must first evaluate medical and other relevant evidence in assessing the claimant's residual functional capacity ("RFC"). The claimant's RFC is an assessment of work-related activities the claimant may still perform on a regular and continuing basis, despite limitations imposed by her impairments. 20 C.F.R. §§ 404.1520(e); 416.920(e); Social Security Ruling ("SSR") 96-8p (*available at* 1996 WL 374184).

The ALJ uses this information to determine if the claimant can perform her past relevant work at step four. 20 C.F.R. §§ 404.1520(a)(4)(iv); 416.920(a)(4)(iv). If the claimant can perform her past relevant work, she is not disabled. If the ALJ finds that the claimant's RFC precludes performance of her past relevant work the ALJ proceeds to step five.

At step five the Commissioner must determine if the claimant is capable of performing work existing in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(v); 404.1520(f); 416.920(a)(4)(v); 416.920(f); *Yuckert*, 482 U.S. at 142; *Tackett v. Apfel*, 180 F.3d 1094, 1099 (9th Cir. 1999). If the

claimant cannot perform such work, she is disabled. *Id.*

The initial burden of establishing disability rests upon the claimant. 20 C.F.R. §§ 404.1512(a); 416.912(a). If the process reaches the fifth step, the burden shifts to the Commissioner to show that "the claimant can perform some other work that exists in the national economy, taking into consideration the claimant's residual functional capacity, age, education, and work experience." *Id.* at 1100. If the Commissioner meets this burden the claimant is not disabled. 20 C.F.R. §§ 404.1520(g), 404.1566; 416.920(g); 416.966.

## THE ALJ'S FINDINGS

The ALJ found that Rushfeldt's work activity did not amount to substantial gainful activity at step one in the sequential proceedings. Tr. 17. At step two the ALJ found that Rushfeldt had the following severe impairments: non-insulin dependent diabetes, morbid obesity, back and knee pain, and sleep apnea. Tr. 18. The ALJ found that none of these impairments met or equaled a listing at step three, and assessed Rushfeldt's RFC:

> [T]he claimant has the residual functional capacity to occasionally lift or carry 50 pounds and to frequently lift or carry 25 pounds; to sit for an unlimited amount of time for one hour at a time; to stand for 6 hours 1 hour at a time; to walk 6 hours in an 8 hour day without walking more than a mile; and to occasionally climb stairs, craw, stoop, and balance.

Tr. 18. The ALJ found that this RFC allowed Rushfeldt to perform her past relevant work as a "semi-skilled" caregiver, housekeeper, and child monitor. Tr. 19.

## STANDARD OF REVIEW

The reviewing court must affirm the Commissioner's decision if the Commissioner applied proper legal standards and the findings are supported by substantial evidence in the record. 42

U.S.C. § 405(g); *Batson v. Commissioner for Social Security Administration*, 359 F.3d 1190, 1193 (9th Cir. 2004). This court must weigh the evidence that supports and detracts from the ALJ's conclusion. *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007)(citing *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998)). The reviewing court may not substitute its judgment for that of the Commissioner. *Id.* (citing *Robbins v. Social Security Administration*, 466 F.3d 880, 882 (9th Cir. 2006)). Variable interpretations of the evidence are insignificant if the Commissioner's interpretation is a rational reading. *Id.*, *see also Batson*, 359 F.3d at 1193.

## DISCUSSION

Rushfeldt contends that the ALJ inappropriately assessed the medical evidence and her credibility. Rushfeldt consequently asserts that the ALJ made erroneous findings at step four in the sequential proceedings, and that the ALJ should have found her disabled at step five.

**I.    Medical Evidence**

Rushfeldt challenges the ALJ's evaluation of treating physician Dr. Fryer and examining physician Dr. Cheek.

**A.    Standards: Medical Evidence**

Generally, the ALJ must accord greater weight to the opinion of a treating physician than that of an examining physician. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). If two opinions conflict, an ALJ must give "specific and legitimate reasons" for discrediting a treating physician in favor of an examining physician. *Id.*, at 830. The ALJ may reject a physician's opinion predicated upon the subjective complaints of a claimant deemed not credible. *Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001). The ALJ may not, however, reject physician opinions predicated upon

reports of a claimant deemed not credible where independent clinical testing supports the physician's opinion. *Ryan v. Comm'r*, 528 F.3d 1194, 1199-1200 (9th Cir. 2008).

      B.      **Treating Physician Dr. Fryer**

Dr. Fryer treated Rushfeldt on July 13, 2004, and between October 22, 2004, and August 24, 2006. Tr. 383, 408-424. During this time Dr. Fryer diagnosed and treated Rushfeldt's diabetes, headaches, sleep apnea, cellulitis, gastroesophageal reflux disease ("GERD"), and hypertension. *Id.* On November 6, 2006, Dr. Fryer completed a form submitted by Rushfeldt's attorney summarizing these diagnoses (Tr. 402) and stating that Rushfeldt could occasionally lift a maximum of twenty pounds, could lift no weight frequently, could stand and or walk at least two hours in an eight-hour workday, and must periodically alternate sitting and standing to relieve pain. Tr. 404. Dr. Fryer declined to indicate that Rushfeldt met a disorder listed in the Commissioner's regulations (Tr. 404), and indicated that Rushfeldt would *not* miss work two or more days per month due to her impairments. Tr. 405.

The ALJ omitted discussion of Dr. Fryer's clinical diagnoses, notes, or opinions. Instead, the ALJ noted only Dr. Fryer's November 6, 2006, questionnaire. Tr. 19. Here the ALJ wrote that Dr. Fryer "stated his belief that claimant could lift 20 pounds, stand or walk for 2 hours, had an unlimited sitting capacity if she can alternate between sitting and standing, and various postural limitations." Tr. 19. This summary does not accurately reflect the record. Dr. Fryer wrote that Rushfeldt could lift twenty pounds on an "occasional" basis only, and could not frequently lift any weight at all. Tr. 404.

The ALJ's truncated discussion of Dr. Fryer's opinion is thus erroneous both in omitting Dr.

Fryer's clinical notes, and in misconstruing Dr. Freyer's November 2006 work limitations. This reasoning should not be sustained.

### C. Examining Physician Dr. Cheek

Dr. Cheek evaluated Rushfeldt for Disability Determination Services ("DDS")[2] on October 16, 2002. Tr. 316-19. Dr. Cheek concluded that Rushfeldt showed clinical signs of knee pain upon examination, and assessed diagnoses of knee and back pain. Tr. 318-19. Dr. Cheek wrote that Rushfeldt could stand and walk "about six hours in an eight-hour workday" and could sit "about six hours in an eight hour workday." Tr. 319. Dr. Cheek also stated that Rushfeldt could lift or carry "occasionally 50 pounds" and "frequently 50 pounds."[3] *Id.* Finally, Dr. Cheek wrote that Rushfeldt should not frequently bend, stoop, or crouch due to her knee pain. *Id.*

The ALJ described Dr. Cheek's opinion:

> Dr. Cheek had the opportunity to examine the claimant and her treatment records prior to rendering her opinion. At that time, the claimant's gait was normal, her straight leg raising exam was negative, found no crepitus, effusion, deformities, or loss in motor or muscle strength. Further, the neurological portion of the exam was entirely normal.

Tr. 19. This analysis fails to note Dr. Cheek's diagnostic conclusions or workplace limitations. It is not based upon the record and therefore should not be sustained.

### D. Conclusion: Medical Source Statements

In summary, the ALJ's findings regarding both Dr. Fryer and Dr. Cheek omitted significant

---

[2]DDS is a federally-funded state agency that makes eligibility determinations on behalf and under the supervision of the Social Security Administration pursuant to 42 U.S.C. § 421(a) and 20 C.F.R. §§ 404.1503; 416.903.

[3]One of these figures may represent a typographical error.

7 - FINDINGS AND RECOMMENDATION

portions of their respective opinions. These findings are not based upon the record and should not be sustained.

## II.    Credibility

The ALJ's credibility findings addressed Rushfeldt's activities of daily living and medical record. Tr. 18-19.

### A.    Credibility Standard

Once a claimant shows an underlying impairment which may "reasonably be expected to produce pain or other symptoms alleged," absent a finding of malingering, the ALJ must provide "clear and convincing" reasons for finding a claimant not credible. *Lingenfelter,* 504 F.3d at 1036 (citing *Smolen v. Chater,* 80 F.3d 1273, 1281 (9th Cir. 1996)). The ALJ's credibility findings must be "sufficiently specific to permit the reviewing court to conclude that the ALJ did not arbitrarily discredit the claimant's testimony." *Orteza v. Shalala,* 50 F.3d 748, 750 (9th Cir. 1995) (citing *Bunnell v. Sullivan,* 947 F.2d 341, 345-46 (9th Cir. 1991) (en banc)). The ALJ may consider objective medical evidence and the claimant's treatment history, as well as the claimant's daily activities, work record, and observations of physicians and third parties with personal knowledge of the claimant's functional limitations. *Smolen*, 80 F.3d at 1284. The ALJ may additionally employ ordinary techniques of credibility evaluation, such as weighing inconsistent statements regarding symptoms by the claimant. *Id.* Once a claimant establishes an impairment, the ALJ may not, however, make a negative credibility finding "solely because" the claimant's symptom testimony "is not substantiated affirmatively by objective medical evidence." *Robbins*, 466 F.3d at 883.

///

B.  **Credibility Analysis**

a.  **Activities of Daily Living**

The ALJ noted Rushfeldt's testimony that she cooks, takes children to the park, uses public transportation, vacuums, cleans, grocery shops, and rode a bike in 2004. Tr. 19. The ALJ also cited Rushfeldt's testimony that she is "always moving." *Id.* The ALJ concluded by finding that a vocational expert described these activities as "at the medium exertional capacity level." *Id.*

The court first notes that the vocational expert offered no testimony regarding the workplace exertional level of Rushfeldt's activities of daily living. Tr. 480-85. The ALJ's finding regarding "medium" exertional effort associated with these activities is not based upon the record and should not be sustained.

The ALJ also found that Rushfeldt's activities "hardly describe limited [sic] to sedentary work that would 'grid out' according to claimant's counsel." Tr. 19. This reasoning implies that Rushfeldt promulgated contradictory testimony regarding sedentary work. However, the ALJ fails to identify the manner in which Rushfeldt's reported daily activities are inconsistent with the limitations Rushfeldt described in her own testimony. This reasoning should also not be sustained.

b.  **Medical Record**

The ALJ also found Rushfeldt's credibility unsupported by the medical evidence, citing the opinions of Drs. Fryer and Cheek. The ALJ's discussion of these opinions is not based upon the record, as discussed above. Therefore, the ALJ's reliance upon his analysis of the medical record in finding Rushfeldt not credible should not be sustained.

///

9 - FINDINGS AND RECOMMENDATION

### C. Credibility Conclusion

The ALJ's reasoning regarding Rushfeldt's credibility and her RFC assessment is circular. The ALJ's references to the medical record furthermore do not accurately reflect the record. For these reasons the ALJ's credibility findings should not be sustained.

## III. Lay Testimony

Rushfeldt asserts that the ALJ failed to consider that the lay testimony supports her own testimony. Pl.'s Opening Br. 10. Rushfeldt fails to cite an applicable legal standard for this assertion, and the Commissioner's response fails to address this argument. The ALJ omitted any reference to lay testimony.

### A. Standards: Lay Witness Testimony

The ALJ has a duty to consider lay witness testimony. 20 C.F.R. §§ 404.1513(d); 404.1545(a)(3); 416.913(d); 416.945(a)(3); *Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001). Friends and family members in a position to observe the claimant's symptoms and daily activities are competent to testify regarding the claimant's condition. *Dodrill v. Shalala*, 12 F.3d 915, 918-19 (9th Cir. 1993). The ALJ may not reject such testimony without comment, and he must give germane reasons for rejecting lay testimony. *Nguyen v. Chater*, 100 F.3d 1462, 1467 (9th Cir. 1996); see also *Valentine v. Comm'r*, 574 F.3d 685, 694 (9th Cir. 2009).

### B. Analysis

On March 4, 2004, Rushfeldt's sister, Darlene Bartlett, submitted a third party report to the record. Tr. 214-22. Bartlett wrote that Rushfeldt cannot walk far (Tr. 215) and prepares food daily. Tr. 216. Writing in the first person, Bartlett continued that she does her own household chores. Tr.

216. Bartlett also wrote that Rushfeldt shops for food twice a week (Tr. 217), reads, watches television, listens to the radio, takes walks, and goes to church. Tr. 218. Bartlett indicated that Rushfeldt is limited in lifting, squatting, standing, walking, kneeling, and stair climbing. Tr. 219.

The ALJ failed to cite Bartlett's testimony, and provided no reasons for rejecting it. Such silent omission is erroneous. *Stout v. Comm'r*, 454 F.3d 1050, 1054 (9th Cir. 2006). The consequences of this omission are discussed below.

## IV.   Step Four Findings

Rushfeldt challenges the ALJ's finding that she could perform her past relevant work at step four in the sequential proceedings. Pl.'s Opening Br. 18. The ALJ found that Rushfeldt could perform her past relevant work as an "unskilled janitor, a semi-skilled caregiver/housekeeper, and semi-skilled child monitor." Tr. 19.

In establishing whether a claimant may return to her past relevant work, the ALJ must consider the claimant's work as she performed it, rather than relying upon generic job descriptions. SSR 82-61 *1-2 (*available at* 1982 WL 31387), SSR 82-62 *3 (*available at* 1982 WL 31386). The ALJ cited this standard (Tr. 19), but also found that Rushfeldt's past relevant work as a child monitor was at a medium exertional capacity. Tr. 17. Rushfeldt testified that she baby sits a two-year old and does not pick her up. Tr. 363. She also testified that she cannot lift other children under her care. Tr. 466. Finally, Rushfeldt testified that her young granddaughter weighs approximately twenty pounds, and that she does not lift the child in caring for her. Tr. 476. The Commissioner's regulations state that medium level work entails "lifting no more than 50 pounds at a time with frequent lifting and carrying of objects weighing up to 25 pounds." 20 C.F.R. §§ 404.1567(c);

416.967©). Rushfeldt's testimony does not describe such medium-level work. Therefore the ALJ's finding regarding Rushfeldt's past relevant work is not based upon the manner in which Rushfeldt performed it. The ALJ's finding is erroneous and should not be sustained.

## V.     Step Five Findings

Finally, Rushfeldt alleges that the ALJ improperly applied the medical-vocational guidelines at "step three" in the sequential proceedings. Pl.'s Opening Br., 16. This assertion is first erroneous because the ALJ applies the medical-vocational guidelines at step five, not step three. 20 C.F.R. §§ 404.1520(a)(4)(v); 416.920(a)(4)(v). Step three findings address listed impairments. 20 C.F.R. §§ 404.1520(d); 416.920(d).

Rushfeldt also asserts that a claimant of "advanced age" and restricted to "light" work is disabled under the Commissioner's regulations. Pl.'s Opening Br., 16. The regulations in fact state that an individual restricted to light work who is of "advanced age" is disabled where she has no transferable skills. 20 C.F.R. Pt. 404, Subpt. P, App. 2 § 202.01; 202.04; 202.06; 202.08. If the individual has transferable skills, she is not disabled. 20 C.F.R. Pt. 404, Subpt. P, App. 2 § 202.02; 202.05; 202.07.

The ALJ made no finding regarding Rushfeldt's transferability of skills. Here the ALJ must identify the claimant's acquired work skills, and specific occupations to which these skills are transferable. SSR 82-41 at *7 (1982 WL 31389). The ALJ may draw upon a vocational expert's testimony or publications specified in the Commissioner's regulations. *Id.* Rushfeldt now cites the vocational expert's testimony that her past relevant work shows no transferable skills. Pl. Opening Br. 17. However, recent jurisprudence clearly establishes that the ALJ, not the reviewing court, must

make findings regarding transferability of skills under the Commissioner's regulations. *Bray v. Comm'r*, 554 F.3d 1219, 1225-1226 (9th Cir. 2009). Therefore, this court cannot now perform a transferability of skills analysis for the ALJ.

Rushfeldt finally asserts that, because the record supports a finding that her past work is "light," she is consequently disabled under the medical-vocational guidelines. Pl.'s Opening Br. 17. This claim confuses the Commissioner's sequential disability analysis. The medical-vocational guidelines do not apply to the ALJ's step four findings regarding the exertional demands of a claimant's past relevant work. Because the ALJ must determine Rushfeldt's exertional capacity upon remand, this court cannot now find Rushfeldt disabled under the grids.

## REMAND

The decision whether to remand for further proceedings or for immediate payment of benefits is within the discretion of the court. *Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000.), *cert. denied*, 531 U.S. 1038 (2000). The issue turns on the utility of further proceedings. A remand for an award of benefits is appropriate when no useful purpose would be served by further administrative proceedings or when the record has been fully developed and the evidence is insufficient to support the Commissioner's decision. *Rodriguez v. Bowen,* 876 F.2d 759, 763 (9th Cir. 1989).

Under the "crediting as true" doctrine, evidence should be credited and an immediate award of benefits directed where "(1) the ALJ has failed to provide legally sufficient reasons for rejecting such evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited." *Harman,* 211 F.3d at 1178 (quoting *Smolen,* 80

F.3d at 1292). The "crediting as true" doctrine is not a mandatory rule in the Ninth Circuit, but leaves the court flexibility in determining whether to enter an award of benefits upon reversing the Commissioner's decision. *Connett v. Barnhart*, 340 F.3d 871, 876 (9th Cir. 2003) (citing *Dodrill*, 12 F.3d at 919); *Nguyen*, 100 F.3d at 1466-67; *Bunnell*, 947 F.2d at 348.

Here, the ALJ erroneously assessed Rushfeld's testimony, the opinions of Drs. Fryer and Cheek, and the lay witness testimony. Though the ALJ called a vocational expert to Rushfeldt's hearing, both the ALJ and Rushfeldt's counsel failed to elicit testimony from the vocational expert regarding the effect of limitations described by Rushfeldt and her sister, as well as the omitted medical evidence. Tr. 482-84. The vocational expert also failed to address Rushfeldt's past relevant work as she performed it, instead addressing Rushfeldt's child monitoring work in accordance with lifting requirements as the position is generally performed. Tr. 483.

In such instances, award of benefits is inappropriate. *Harman*, 211 F.3d at 1180. The matter must be remanded for further proceedings addressing the improperly evaluated evidence cited above. *Id.* If necessary, the ALJ must then revise his RFC analysis and apply the correct medical-vocational guideline or obtain vocational expert testimony regarding Rushfeldt's workplace limitations. Finally, the ALJ must make adequate step four and five findings incorporating any revised findings.

## SCHEDULING ORDER

The above Findings and Recommendation are referred to a United States District Judge for review. Objections, if any, are due ten days after the date this order is filed. If no objections are filed, review of the Findings and Recommendation will go under advisement on that date. If objections are filed, any party may file a response within fourteen days after the date the

objections are filed. Review of the Findings and Recommendation will go under advisement when the response is due or filed, whichever date is earlier.

    IT IS SO ORDERED.

    Dated this ⟋day of October, 2009.

                                      Mark D. Clarke
                                      United States Magistrate Judge